# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN LAMAR BERRYMAN,<br><br>　　　　　　Petitioner,<br>vs.<br>ANTHONY HEDGPETH, Warden, and EDMUND G. BROWN JR., the Attorney General of the State of California,<br><br>　　　　　　Respondents. | CASE NO. 09cv2015 WQH(WMC)<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Report and Recommendation ("R&R") (ECF No. 18) of Magistrate Judge William McCurine Jr., filed on June 21, 2010, recommending that this Court deny the Petition for Writ of Habeas Corpus filed by Petitioner Warren Lamar Berryman (ECF No. 1).

## PROCEDURAL BACKGROUND

　　On September 14, 2009, Petitioner, proceeding pro se, initiated this action by filing his Petition for Writ of Habeas Corpus. (ECF No. 1). On September 22, 2009, the Magistrate Judge issued a Notice Regarding Possible Failure to Exhaust and One-Year Statute of Limitations advising Petitioner of the consequences of failure to exhaust and of the applicable statute of limitations. (ECF No. 3). On November 9, 2009, Respondent filed a Motion to Dismiss. (ECF No. 6). On December 16, 2009, Petitioner filed an Opposition. (ECF No. 8). On January 1, 2010, Petitioner filed a Motion to Stay. (ECF No. 9). On March 3, 2010, the

Magistrate Judge issued a Report and Recommendation recommending that the Court grant in part and deny in part Respondent's Motion to Dismiss and that the Court deny Petitioner's Motion to Stay. (ECF No. 10). On May 20, 2010, this Court adopted the Report and Recommendation in its entirety and dismissed Petitioner's first, second, third, fourth, and seventh claims. (ECF No. 11). Claim number five that "Petitioner was denied his 6th Amendment right to the effective assistance of counsel at trial and on direct appeal" and claim number six that "the trial court erred reversibly in failing to sua sponte instruct the jury that the Robles brothers and Jessica Martinez were accomplices as a matter of law" were not dismissed. See (ECF No. 1 at 45, 52).

On August 26, 2010, Respondent filed an Answer to Petitioner's remaining claims (ECF No. 14). On September 22, 2010, Petitioner filed a Traverse. (ECF No. 16). On March 1, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny the Petition for Writ of Habeas Corpus. (ECF No. 18). On March 29, 2011, Petitioner filed Objections to the Report and Recommendation. (ECF No. 20).

## STANDARD OF REVIEW

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## DISCUSSION

Petitioner objects to the Report and Recommendation in its entirety. Accordingly, the Court reviews the Petition and the Report and Recommendation de novo.

The Magistrate Judge correctly found that this Court's review of the Petition is governed by the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996. Under this standard, a petition cannot be granted unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d); *see also Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

The Magistrate Judge correctly conducted an independent review of the record to determine whether the state court decision regarding Petitioner's ineffective assistance of counsel claims were objectively unreasonable.

For ineffective assistance of counsel to provide a basis for habeas relief, Petitioner must demonstrate two things. First, he must show that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, he must show counsel's deficient performance prejudiced the defense. *Id*. This requires showing that counsel's errors were so serious they deprived Petitioner "of a fair trial, a trial whose result is reliable." *Id*.

The Magistrate Judge correctly found that "defense counsel argued extensively and somewhat successfully against the motion in limine [to exclude comment regarding the length of the Robles' brothers' sentences]." (ECF No. 10). The Magistrate Judge correctly found that defense counsel "thoroughly cross-examined the Robles brothers about the terms and details of their plea agreements." *Id*. at 10-11. The Magistrate Judge correctly found that counsel's representation of Petition did not fall below an objective standard of reasonableness. The Magistrate Judge also correctly found that Petitioner did not demonstrate prejudice "[e]ven if one were to assume Petitioner's attorney was able to preclude Officer Cuevas from discussing the Robels brothers' initial statement to her ...." *Id*. at 12. The Magistrate Judge correctly concluded that the state court's decision was not contrary to clearly established federal law and was not an unreasonable application of federal law.

Generally, a challenge to a state's jury instructions does not concern constitutional issues that can be addressed on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 71-72; *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000). However, a state's jury instruction

error constitutes a violation of due process where the error so infects the trial the resulting conviction violates due process. *Cupp v. Naughten*, 414 U.S. 141 (1973); *Middleton v. McNeil*, 541 U.S. 433 (2004); *Hayes v. Woodford*, 301 F.3d 1054, 1086 n.38 (9th Cir. 2002). Petitioner must show the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Hanna v. Riveland*, 87 F.3d 1034, 1039 (9th Cir. 1996).

The Magistrate Judge correctly found that Petitioner did not demonstrate that his trial was fundamentally unfair due to alleged errors in state jury instructions. The Magistrate Judge correctly found that "the state appellate court's determination that any instructional error at Petitioner's trial was harmless and was not unreasonable." *Id*. at 14. The Magistrate Judge correctly concluded that the state court's decision was not contrary to clearly established federal law and was not an unreasonable application of federal law.

The Court has reviewed de novo all aspects of the R&R, lodgments, and filings in this case and concludes that the Magistrate Judge correctly recommended that the Petition be denied.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents a substantial showing of the denial of a constitutional right**.** *See* 28 U.S.C. § 2253(c)(2). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated in the Report and Recommendation and in this Order, the Court concludes that jurists of reason would not find it debatable whether this Court was correct in

denying the Petition. The Court denies a certificate of appealability.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 18) is ADOPTED in its entirety and the Petition for Writ of Habeas Corpus (ECF No.1) is DENIED. A certificate of appealability is DENIED. The Clerk of the Court shall close this case.

DATED: July 27, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge